Dear Executive Director Lyle Kelsey,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
May a licensed physician assistant legally order and/oradminister Schedule II controlled dangerous substances in ahospital setting, to be subsequently countersigned by his or hersupervising physician?
¶ 1 In essence, your question asks whether a physician assistant has the authority to "order" or "administer" a Schedule II controlled dangerous substance in a hospital setting. This question is easily answered by reviewing the following pertinent statutes and rules:
¶ 2 Statute 63 O.S. 2-312(E) (1999) provides:
 "A physician assistant who is recognized to prescribe by the State Board of Medical Licensure and Supervision under the medical direction of a supervising physician, pursuant to subsection D of Section 59 O.S. 519.6 of Title 59 of the Oklahoma Statutes, and who has complied with the registration requirements of the Uniform Controlled Dangerous Substances Act, in good faith and in the course of professional practice only, may prescribe and administer Schedule III, IV, and "controlled dangerous substances."[1]
Id. (emphasis added).
¶ 3 Statute 59 O.S. 519.6(D) (1999) provides:
 "A physician assistant under the direction of a supervising physician may prescribe written and oral prescriptions and orders. The physician assistant may prescribe drugs, including controlled medications in Schedules III through V pursuant to Section 2-312 of Title 63 of the Oklahoma Statutes, and medical supplies and services as delegated by the supervising physician and as approved by the State Board of Medical Licensure and Supervision after consultation with the State Board of Pharmacy on the Physician Assistant Drug Formulary. Physician assistants may not dispense drugs, but may request, receive, and sign for professional samples and may distribute professional samples to patients."
Id. (emphasis added).
¶ 4 Statute 59 O.S. 353.1(7) (1999) defines `prescription" as:
 "Any order for drug or medical supplies written or signed, or transmitted by word of mouth, telephone or other means of communication by a licensed practitioner of allopathic or osteopathic medicine, including physician assistants under the supervision of a licensed physician, dentistry, optometry certified by the Board of Examiners in Optometry, podiatry, or veterinary medicine, licensed by law to prescribe such drugs and medical supplies intended to be filled, compounded, or dispensed by a pharmacist."
Id. (emphasis added).
 ¶ 5 Statute 59 O.S. 519.2(6) (1999) defines "physician assistant drug formulary" as:
 "A list of drugs and other medical supplies, approved by the State Board of Medical Licensure and Supervision after consultation with the State Board of Pharmacy, for which physician assistants are permitted to prescribe and order under the direction of their supervising physicians."[2]
Id.
 "A physician assistant who is recognized by the Board to prescribe under the direction of a supervising physician and is in compliance with the registration requirements of the Uniform Controlled Dangerous Substances Act, in good faith and in the course of professional practice only, may issue written and oral prescriptions and orders for medical supplies, services and drugs, including controlled medications in Schedules III, IV, and V pursuant to 63 O.S. 2-312 as delegated by the supervising physician and as approved in the Physician Assistant Drug Formulary (OAC 435:1511-2)."
OAC 435:15-11-l(a) (1999) (emphasis added).
 "A physician assistant may issue written and oral prescriptions and other orders for drugs and medical supplies, including controlled medications in Schedules III, IV, and V under 63 O.S. 2-312 as delegated by and within the established scope of practice of the supervising physician and as approved by the Board."
OAC 435:15-5-10(a) (1999) (emphasis added).
 "Physician assistants practicing in patient care settings that are part of the State Department of Health, State Department of Mental Health, or other special patient care settings designated by the Board are permitted to dispense medications directly to patients as directed by the supervising physician in written protocol, standing or direct order. Except for samples, Physician assistants may not dispense drugs in any other practice care setting."
OAC 435:15-11-1(h) (1999) (emphasis added).
¶ 6 None of the above-referenced rules or statutes give physician assistants the authority, without prior physician approval, to administer Schedule II controlled dangerous substances in a hospital setting.[3] Likewise, none of the above-referenced rules or statutes give physician assistants the authority to prescribe or dispense Schedule II controlled dangerous substances in any setting.
¶ 7 OAC 435:15-9-4(b) (1999) provides the guidelines for a physician assistant's practice in a hospital setting. The guidelines for a hospital setting do not give a physician assistant any greater authority with regard to Schedule II controlled dangerous substances than a physician assistant has in any other type of setting.
¶ 8 There is a clear statutory scheme that limits the prescribing, ordering, dispensing, and administering authority of a physician assistant with regard to controlled dangerous substances. The applicable statutes and rules are consistent in limiting the practice of a physician assistant to access and authority over controlled dangerous substances only in Schedules III through V. No authority exists which gives physician assistants authority to prescribe, order, dispense or administer Schedule II controlled dangerous substances in a hospital setting.
¶ 9 In construing statues, we look to the language to determine if the legislative will is clear and unambiguous. See Cox v.Dawson, 911 P.2d 272, 276 (Okla. 1996). Here, the legislative will is free from any doubt.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Pursuant to 63 O.S. 2-312(E) (1999) and 59 O.S.519.6(D) (1999), a licensed physician assistant may not legallyorder and/or administer Schedule II controlled dangeroussubstances in a hospital setting, to be subsequentlycountersigned by his or her supervising physician.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRETCHEN ZUMWALT SMITH ASSISTANT ATTORNEY GENERAL
[1] Also pursuant to 63 O.S. 2-312 (1999), only properly certified and licensed physicians, podiatrists, optometrists, dentists, veterinarians, and certain advanced practice nurses have the authority to prescribe, administer, and/or dispense controlled dangerous substances. Additionally, such authority may be limited in certain circumstances.
[2] The Drug Formulary approved for use by physician assistants is promulgated at OAC 435:15-11-2 (1999). The rule does not contain any Schedule II substances and specifically excludes agents which contain Schedule II substances.
[3] There is no legal authority which allows a physician to have a standing order or protocol for the administration of a Schedule II controlled dangerous substance.